CONSERVATION FORCE; Dallas Safari Club; Houston Safari Club; Corey Knowlton; Campfire Association; Tanzania Hunting Operators Association, Plaintiffs-Appellants

v.

DELTA AIR LINES, INCORPORATED, Defendant-Appellee

No. 16-11062

United States Court of Appeals, Fifth Circuit.

Filed March 20, 2017

John Joseph Jackson, III, Regina Anne Lennox, Conservation Force, Metairie, LA, for Plaintiffs-Appellants

Russell Harris Falconer, Attorney, Christine Demana, Cynthia Marie Schmidt, Gibson, Dunn & Crutcher, L.L.P., Dallas, TX, for Defendant-Appellee

Before BARKSDALE, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Regarding plaintiffs' complaint being dismissed with prejudice, primarily at issue is whether Delta Air Lines' banning "Big Five" hunting trophies as cargo violates federal common or statutory law, or Texas state law. AFFIRMED.

I.

In August 2015, Delta announced:

Effective immediately, Delta will officially ban shipment of all lion, leopard, elephant, rhinoceros and buffalo trophies world wide as freight. Prior to this ban, Delta's strict acceptance policy called for absolute compliance with all government regulations regarding protected species. Delta will also review acceptance policies of other hunting trophies with appropriate government agencies and other organizations supporting legal shipments.

In response, the action at hand challenged Delta's policy of not accepting hunting trophies from these animal species, known as the "Big Five". The complaint alleged violations of, *inter alia*, federal common and statutory law, and state tort law.

Delta's motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), was granted. *See Conservation Force v. Delta Air Lines, Inc.*, 190 F.Supp.3d 606, 608 (N.D. Tex. 2016). Regarding Delta's federal common-law obligations, the court concluded that, despite a duty to treat all *shippers* equally, a common carrier does not have to treat all *cargo* equally. *See id.* at 609–11. The court ruled: "Delta is free to hold itself out as a carrier of some, but not all hunting trophies, even if the justification for that decision is the avoidance of adverse publicity". *Id.* at 611. Next, the court held the Airline Deregulation Act (ADA) preempts plaintiffs' state tortious-interference claim. *See id.* at 611–14; *see also* 49 U.S.C. § 41713(b)(1) (preempting state laws "related to a price, route, or service of an air carrier"). Finally, applying the test articulated in *Cort v. Ash*, 422 U.S. 66, 78–85, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), as modified by *Alexander v. Sandoval*, 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001), the court concluded, *inter alia*, that

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

plaintiffs cannot pursue a private action to enforce the anti-discrimination clause in 49 U.S.C. § 41310(a). *Conservation Force,* 190 F.Supp.3d at 614–17. In entering judgment, the court dismissed the complaint with prejudice.

While this action was pending in federal court, two of the plaintiffs, Conservation Force and Corey Knowlton, filed a complaint with the Department of Transportation. Their administrative complaint was substantially similar to the complaint in this action, with respect to the claimed violations of federal statutes and regulations.

## II.

In contending the court erred in dismissing their complaint, plaintiffs assert: (1) federal common law prohibits a common carrier from discriminating against a particular class of cargo; (2) an implied right of action exists under 49 U.S.C. § 41310(a) to enforce its anti-discrimination provisions; and (3) the ADA does not preempt a state-law claim for tortious interference against an airline. Plaintiffs also maintain the court erred by dismissing their complaint with prejudice, rather than allowing leave to amend.

### A.

Essentially for the reasons stated in the district court's comprehensive and well-reasoned opinion, we hold dismissing the complaint pursuant to Rule 12(b)(6) was proper. *See Conservation Force,* 190 F.Supp.3d at 608–17.

### B.

In addition, dismissing the complaint with prejudice was proper. Along that line, in seeking leave to amend the complaint (in a footnote to their response in opposition to Delta's motion to dismiss), plaintiffs did not state, with sufficient particularity, the grounds for an amendment. *See Goldstein v. MCI WorldCom,* 340 F.3d 238, 254–55 (5th Cir. 2003).

## III.

For the foregoing reasons, the judgment is AFFIRMED.